**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ABHE & SVOGODA, INC.,              :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :   Civil Action No. 04-1973 (JR)
                                   :
ELAINE CHAO, Secretary, U.S.       :
Department of Labor,               :
                                   :
        Defendant.                 :

**MEMORANDUM**

Plaintiff Abhe and Svogoda, Inc. (A & S), a construction company, seeks judicial review of a decision by the Labor Department's Administrative Review Board (Board) in a dispute arising under the Federal-Aid Highways Act, 23 U.S.C. § 101, et seq., and the Davis-Bacon Act, 40 U.S.C. § 3141, et seq. I previously dismissed three of the four counts of plaintiff's complaint. The remaining count alleges that the plaintiff lacked fair warning of the rule on which the Board based its decision. The parties have filed cross-motions for summary judgment [16, 18]. For the reasons discussed below, the government's motion for summary judgment [16] will be **granted**, and the plaintiff's motion for summary judgment [18] will be **denied**.

1. Background

In 1994 and 1995, A & S entered into three contracts with the Connecticut Department of Transportation to clean and

paint bridges.  The projects received federal funds, and were accordingly subject to the prevailing wage determinations of the Davis-Bacon Act.  After conducting its own research on Connecticut practices, A & S paid painter's rates to employees who actually painted the bridges, but paid only the lower carpenter's rates or laborer's rates to employees who performed tasks associated with bridge painting (e.g., decontamination showering, waste cleanup).  In 1996, when the Administrator of the Wage and Hour Division was notified of this practice, he launched an investigation.  After surveying the local area practices, the Administrator determined that all workers on the bridge cleaning and painting jobs should have been paid painters' rates, and that A & S had thus underpaid certain employees.  To cover back wages, DOL withheld $1.3 million in contract payments from A & S -- the amount of the underpayments by A & S and three of its subcontractors.  An administrative law judge upheld the Administrator's decision.  The Board affirmed the ALJ's decision and, on October 15, 2004, denied A & S's motion for reconsideration.

2. Analysis

As a general principle, parties to government contracts are obliged to know all applicable legal principles.  See ATC Petroleum, Inc. V. Sanders, 860 F. 2d 1104, 1111-12 (D.C. Cir. 1988)("[P]arties dealing with the government are expected to know

the law."). Before this court, and in all the adjudications below, the government has relied heavily on what it believes to be a "longstanding principle" established by Fry Brothers, 123 WAB No. 76-06 (June 14, 1977). Davis-Bacon wage determinations list only job classifications and their corresponding minimum wage and fringe benefit rates; they do not contain job descriptions. Fry Brothers stated that the job content -- or task lists -- for classifications in Davis-Bacon wage determinations must be based on locally prevailing practices, and that, where union rates prevail, the proper classification of duties under the wage determination is established by the area practice of union contractors signatory to the relevant collective bargaining agreement. As the Board explained:

> [If] a construction contractor who is now bound by the classifications of work at which the majority of employees in the area are working is free to classify or reclassify, grade or subgrade traditional craft work as he wishes, such a contractor can, with respect to wage rates, take almost any job away from the group of contractors and the employees who work for them who have established the locality wage standard. There will be little left to the Davis-Bacon Act.... Such a contractor could change his own practice according to what he believed each employee was worth for the work he was doing.

Id. at 17. In Connecticut, according to the government, all bridge-related work was included in the job content of the local painters' unions. Therefore all workers on the bridge projects should have been paid at painters' wage rates.

A & S asserts, however, that it did not have fair warning of the government's reliance on Fry Brothers, and that Fry Brothers was not published in any official publication prior to the award of the covered contracts to A & S.  Nor, they argue, was the decision incorporated by reference anywhere in the published bid specifications, wage determinations, or regulations that were available to A & S at the time of the bidding and award of the contracts at issue.  Fry Brothers, plaintiff contends, is a classic example of the "secret law" frowned upon by the Court of Appeals.  See, e.g., Gates & Fox Co. v. Occupational Safety & Health Review, 790 F. 2d 154, 156 (D.C. Cir. 1986) ("An employer ... is entitled to fair notice in dealing with his government. ... [S]tatutes and regulations which allow monetary penalties against those who violate them ... must give an employer fair warning of the conduct it prohibits or requires.").  The withholding of funds without fair notice, A & S asserts, is a due process violation.

An agency may choose to establish new principles through rulemaking, but due process requires that, when it does so, it provide notice "which is reasonably calculated to inform all those whose legally protected interest may be affected by the new principle."  Mobil Exploration and Producing North America, Inc. V. FERC, 881 F.2d 193, 199 (5th Cir. 1989).  In Mobil, however, the new adjudication-based rule that FERC wanted to

enforce had only been published in the original opinion, in two sentences buried in an "otherwise routine" order.  Further, that order was available for review only at FERC's offices, on a bulletin board covered with glass, on which only the first page of any order was visible.  The important language in the order was not published anywhere except in a commercial reporting service, along with volumes of other routine orders.  Under these circumstances, the Fifth Circuit held that FERC had not provided the plaintiff with fair warning of the new rule.

     The Fry Brothers decision, however, was not "secret law."  Before A & S entered into the relevant contracts in 1993/1994, at least two cases in this court had cited, not just Fry Brothers, but the precise language upon which the government relies today.  See Bldg. & Constr. Trades' Dep't v. Donovan, 543 F. Supp. 1282, 1285 (D.D.C. 1982), affirmed in part and reversed in non-relevant part, 712 F.2d 611 (D.C. Cir. 1982); Tele-Sentry Security, Inc. v. Secretary of Labor, 1991 WL 178135 (D.D.C. 1991).  Fry Brothers was the heavily cited precedent for a final rule issued by the Department of Labor in 1989.  See 54 F.R. 4234 (1989).  Further, the Wage Appeals Board, predecessor to the Administrative Review Board, regularly cited Fry Brothers in its opinions between 1977 and 1994.  See, e.g., Prime Roofing, Inc., WAB Case No. 92-15, 1993 DOL Wage App. Bd. LEXIS 19 (July 16, 1993); Trataros Construction Corp., WAB Case No. 92-03, 1993 DOL

Wage App. Bd. LEXIS 12 (April 28, 1993).  Plaintiff may indeed have been <u>unaware</u> of the rule announced in <u>Fry Brothers</u>, but it is not unreasonable to hold plaintiff responsible for knowing the rule.  "There is no grave injustice in holding parties to a reasonable knowledge of the law."  <u>ATC Petroleum</u>, 860 F.2d at 1112.

Plaintiff's various other claims of lack of fair warning are either variations of their initial claim, dressed up in different language, or are claims that are more appropriately considered challenges to the Administrator's wage determination in this case.  To the extent they are the first, they are addressed above; to the extent they are the second, this court does not have jurisdiction to hear them.  <u>See, e.g.</u>, <u>Universities Research Ass'n v. Coutu</u>, 450 U.S. 754, 761 n.10 (1981).

*   *   *   *   *

An appropriate order accompanies this memorandum.

                               JAMES ROBERTSON
                      United States District Judge